## FARMERS' BANK *v.* HENRY L. TATNALL.

*Guaranty—Acceptance—Notice to Guarantor.*

A party tendering a guaranty for future and prospective credits is entitled to notice of acceptance of the same, and without such notice will not be held liable. Said notice must be given within a reasonable time after the acceptance of the guaranty. Making the proposed advances is not such an acceptance of the guaranty as will bind the party tendering the same.

On April 1, 1883, the plaintiff gave notice to the defendant of the default of a third party to meet certain paper which had been discounted by the said plaintiff on the faith of a written guaranty from defendant. The guaranty was dated February 14, 1882, and no notice of the acceptance of the same had ever been given by plaintiff to defendant, other than the notice of April 1, 1883. Said notice is not within a reasonable time as required in law.

*(New Castle, September, 1885.)*

ACTION OF COVENANT.

The defendant demurred to the declaration of the plaintiff, upon which the case came before the Court for argument.

The plaintiff declared specially on the following agreement received from the defendant:

"I, Henry L. Tatnall, of the city of Wilmington, Delaware, do hereby request that the Farmers' Bank of the State of Delaware, at Wilmington, do from time to time discount to the credit of the firm of H. L. Tatnall & Co., such negotiable paper as they may offer to said Bank, whether as makers or endorsers; and in consideration of the discounting by the said Bank, at any time hereafter, of any such negotiable paper, I do hereby for myself, my executors and administrators, guarantee to the said Bank the prompt and full payment at maturity of any and all such paper so to be discounted as aforesaid.

"Witness my hand and seal this 14th day of February, A. D., 1882.

H. L. TATNALL.   [SEAL.]"

"Signed, sealed and delivered in presence of
WM. P. TAYLOR."

And alleged that in consideration of said agreement, it did on the fourth day of October, 1882, discount to the credit of the said firm of H. L. Tatnall & Co., a note made by John Walker, payable to the order of H. L. Tatnall & Co., at the National Bank of Delaware, for the sum of $451.90, at three months from October 3d, 1882, and that it discounted to the credit of said firm of H. L. Tatnall & Co., sundry other notes thereafter, the last one having been discounted on the 23d day of December, 1882, and that said notes were not paid at their maturity, or at any time since, of which the defendant on the first day of April, 1883, had notice. The narr contains no averment of notice of the acceptance of the guaranty by plaintiff nor of any demand of payment from H. L. Tatnall & Co. other than the presentment for payment at the times and places specified in the discounted paper.

*Benjamin Nields*, for defendant :

It appears by the allegations in the first and second counts of the plaintiff's declaration :

1. That the first note discounted by the bank to the credit of H. L. Tatnall & Co. was not discounted until two hundred and thirty-two days after the date of the instrument declared on.

2. That the only notice given to the defendant after the date of said instrument and prior to the commencement of this suit was the notice of April 1st, 1883, that the notes had not been paid at their maturity, or at any time thereafter.

3. That the notice given on April 1st was not given until near six months after the first note had been discounted, and three months after the same became due, and that the same was not given until thirty-two days after the last note discounted became due.

It is not alleged in either of said counts that the plaintiff at any time gave the defendant notice that the offer of guarantee had been accepted by said plaintiff, or that it had discounted to the credit of H. L. Tatnall & Co., negotiable paper on the faith of said guarantee, or that the plaintiff ever gave notice to the defendant of the amount of paper discounted to the credit of said H. L. Tatnall & Co., or that a demand of payment had ever been made on the firm of H. L. Tatnall & Co., the principal debtors of the sum sued for.

It is not alleged in the third count that the plaintiff gave any notice to the defendant whatever after the date of said instrument, and prior to the commencement of this suit. The instrument declared on is a request on the part of the defendant that the Bank would from time to time discount for H. L. Tatnall & Co. such negotiable paper as they might offer as makers or endorsers, and the defendant thereby offered, if the Bank would discount such paper, to guarantee the payment thereof at maturity.

1. The instrument declared on is an offer to guarantee, and cannot bind the defendant until accepted by the plaintiff, and notice of such acceptance has been communicated to the defendant by the plaintiff.

2. The instrument is an offer of a continuing guarantee, and the plaintiff, after the discounts were actually made, should have given the defendant notice of such discounts, and the amount

19

thereof; and also notified him that the plaintiff relied upon the guarantee to insure the repayment of said notes.

3. That the plaintiff must allege and prove that a demand of payment had been made of H. L. Tatnall & Co., the principal debtors, of the debt sued for, and in case of non-payment by them, that notice of such demand and non-payment should have been given in a reasonable time to the defendant, and in failure of such allegation and proof, the defendant is in law discharged.

As to the first point: The instrument shows on its face that there was no consideration whatever paid by the plaintiff, or received by the defendant at the time it was executed by the defendant; that it was simply a request by the defendant to the bank, to discount from time to time to the credit of H. L. Tatnall & Co., such negotiable paper as they might offer to the Bank, whether as makers or endorsers; and the defendant offered in consideration of the discounting by the Bank at any time thereafter of any such paper, to guarantee to the said Bank the prompt and full payment at maturity of any and all such paper so to be discounted as aforesaid. But the instrument created no binding obligation on the defendant unless acted upon by the plaintiff, and until acted upon it was revocable at any time by the defendant. *Offord v. Davies*, Common Bench, N. S., Vol. 12, 748 (E. C. L. R., 104); *Baylies on Sureties*, 8-9; *Jordan v. Dobbins*, 122 Mass., 168.

The acceptance of an offer must be communicated to the person making the offer in order to bind him; an acceptance not communicated will not create a contract. *Leake on Contracts*, 34. A contract of guarantee is usually made in the form of an offer or request, acceded to by acting on it. So a guarantee for advances of money, or of goods, is usually made in the above form (offer), and is accepted by making the advances. It is not binding until acted upon, and notice given to the guarantor that it is put in action. *Leake on Contracts*, 53; 1 M. & S., 557; 8 Ex., 185; *Mussey v. Raynor*, 22 Pick., 223; *Morrow v. Waty*, 18 Pa., 118; *Parsons on Contracts*, Vol. 1, 501 and 517; *Russell v. Clark*, 7 Cranch, 69; *Douglass v. Reynolds*, 7 Pet., 113; *Lee v. Dick*, 10 Peters, 482; *Adams v. Jones*, 12 Peters, 207; *Lord v. Abel*, 18 Conn., 521; *Allen v. Pike*, 3 Cushing, 238.

It is alleged in the first and second counts of the plaintiff's decla-

ration, that on the fourteenth day of February, 1882, in and by certain articles of agreement then and there made by and between the plaintiff and defendant, the said defendant did thereby covenant, promise and agree to and with the said plaintiff in the words and figures following, and it then sets forth the instrument in words and figures, which instrument we have shown by the authorities above cited is in no respect an agreement. It nowhere appears in, or by it, that the plaintiff agreed to do any thing, and as we have shown that it by itself created no obligation on the part of the defendant. The defendant was not bound by the instrument as set forth in words and figures, then certainly the plaintiff was not; therefore the allegation by the plaintiff that the instrument as set forth in words and figures constituted an agreement between the plaintiff and the defendant is a mistake. There was no agreement. " For the ground of the doctrine is not that the operation of the writing is conditional upon notice, but it is that until it is accepted, and notice of its acceptance given to the guarantor, there is no contract between the guarantor and guarantee ; the reason being that the writing is merely an offer to guarantee the debt of another, and it must be accepted and notice thereof given to the party offering himself as security before the minds meet and he becomes bound. The plaintiff before he can recover in this suit must allege and prove an acceptance of an offer on the part of the plaintiff and that such acceptance was communicated to the defendant; he has not so alleged and therefore cannot recover。

The writing is an offer of a continuing guaranty of debts, thereafter to be created, the amount of which debts is not known, and the time for which the guaranty is to continue is uncertain。 It appears by the plaintiff's declaration that the first note discounted after the date of the writing was on the fourth day of October, 1882, over seven months thereafter, and no notice whatever was given by the plaintiff to the defendant, that the plaintiff had acted upon the offer of guaranty or had discounted said note to the credit of H. L. Tatnall & Co. The only notice whatever alleged in the declaration to have been given by the plaintiff to the defendant is a notice alleged to have been given him on the first of April, 1883, which was that the above mentioned note and other promissory notes thereafter so discounted had not been paid.

Where a letter of credit given for a debt, about to be created, and uncertain in its amount, so that the party cannot know beforehand whether he is to be ultimately liable, nor to what amount, it is necessary in order to charge him that he should have notice, in a reasonable time, that the guaranty is accepted, and of the amount of debt under it. *Norton et al. v. Eastman,* 4 Greenleaf, 521; *Cremer v. Higginson,* 1 Mason, 323; *Edmonstone v. Drake & Mitchell,* 5 Peters, 624; *Craft v. Isham,* 13 Conn., 28; *Clark and others v. Remington,* 11 Mitchell, 361.

The plaintiff in his declaration does not allege that any demand of payment ever was made of H. L. Tatnall & Co., the principal debtors, nor is it alleged that notice of such demand and non-payment was ever given the defendant. The only notice alleged to have been given to the defendant is "That neither the said promissory notes so discounted as aforesaid, nor any of them, nor any part thereof, were or have been paid, either at their maturity, respectively, or at any time since, of which the said defendant afterwards, to wit., on the first day of April, A. D. 1883, had notice."

There must be reasonable notice of the amount advanced, and of non-payment by the principal debtor. *Howe v. Nichols,* 22 Me., 175; *Douglass v. Reynolds,* 7 Peters, 424; *Parsons on Contracts,* Vol. I, 516; *Bay & Bro. v. Thompson et al.,* Pa. Rep., 1 Pearson, 557; *Lawson et al. v. Townes, Oliver & Co.,* 2 Ala., 373.

If it is claimed by the plaintiff that there was a contract subsisting between the plaintiff and the defendant on the fourteenth day of February, 1882, by virtue of the paper writings set forth, then we claim that such contract is void under the statute of frauds for the reason that it was not an agreement to guarantee the payment of an antecedent debt but debts thereafter to be created. There was no consideration passing from the plaintiff to the defendant or from the plaintiff to the original debtors. The contract was therefore void for want of consideration, if claimed to be a subsisting contract at its date. The agreement could not become a valid contract under the statute of frauds until credit was given the firm of H. L. Tatnall & Co., on the faith of it. The instrument expressly states " in consideration of the discounting by said bank of any such paper;" that is the consideration and the only consideration mentioned in

the paper writing, and the agreement could not become a valid contract until this consideration was supplied. *Addison on Contracts*, 654; *Roquet v. Kneeland*, 13 Wend., 114, 121, 122. Under 19 and 21 Victoria, 1856.

Consideration need not appear on the face of the written instrument. *Smith on Contracts*, 115. The statute of frauds provides that " no action shall be brought whereby to charge any person upon any agreement   *   *   *   to answer for the debt, default or miscarriage of another   *   *   *   unless the same shall be reduced to writing or some memorandum or note thereof, shall be signed by the party to be charged therewith." The memorandum must include a statement of the consideration of such agreement. *Addison on Contracts*, 654. All cases of guaranty are within the statute of frauds. *Smith on Contracts*, 106.

*Walter H. Hayes*, for the plaintiff:

The instrument sued on in this action is not an offer. An offer is a proposition to do a thing. 2 Bouvier Law. Dict., tit. offer. But is a complete contract. *Bradbury v. Morgan*, 1 H. & M. C., 249, 254. There is nothing on the face of the guaranty in this case that indicates that the parties intended there should be any further negotiations between them, but on the other hand, the defendant " signed, sealed and delivered " the guaranty, as is attested by the subscribing witness. This attestation, on the face of the deed, must be taken to be true until it is impeached. *Stout v. Kean*, 3 Marr., 82, 83. The signing, sealing and delivery are admitted by the demurrer, *Pearce v. Provost*, 4 Hous., 467. To constitute an effectual delivery of an instrument, there must be an acceptance by the other party, and such acceptance is an essential part of the delivery, *3 Reed on State Frauds*, Sec. 1068; *Jackson v. Richards*, 6 Cow., 617; *Church v. Gilman*, 15 Wend., 656. Where a deed or other instrument is handed over by the party making it, to the other party, and nothing further appears, the law presumes that the instrument is made according to the agreement of the parties, and that the party to whom the instrument is handed over accepts the contract in fulfillment of the agreement between them. *Fouda v. Sage*, 40 Barb., 1091 (123, 124); *Pope v. An-*

*drews,* 9 Carr. & P., 564 (38 E. C. L.).   The delivery was the culmination of all the negotiations of the parties, and is the final act, without which all the other formalities were ineffectual, *Younge v. Guilbeau,* 3 Wall., 636 (641).   This is not an offer to guarantee, but is an absolute undertaking by the defendant that any notes discounted by the Bank for H. L. Tatnall & Co., at any time after the making of the guaranty, would be promptly and fully paid at maturity.  *Baylies on Guarantees and Sureties,* 17;  *Leake on Contracts,* 53;  *Add. on Contracts,* 17, 1115;  *McIver v. Richardson,* 1 M. & S., 557;  *Kennaway v. Trellean,* 5 M. & W., 498 (500);  *Canton v. Shaw,* 2 Harr. & Gil., 13;  *Whitney v. Groot,* 24 Wend., 82;  *Douglass v. Howland,* ibid., 35 (49);  *Smith v. Dunn,* 6 Hill., 543;  *Bank v. Coster,* 3 Comst., 203 (53 Am. D., 280);  *Bank v. Phelps,* 86 N. Y., 484 (493);  *Breed v. Hillhouse,* 7 Conn., 522;  *Gray v. Edgerton,* 19 Ohio St., 49 (S. C. 2 Am. Rep., 422;  *Mitchell v. McCleavy,* 42 Md., 375;  *Bank v. Mitchell,* 15 Conn., 296;  *Bright v. McKnight,* 1 Sneed., 158;  *Vancy v. Brown,* 3 Sneed., 89.   No particular form of words is required to constitute a contract of guaranty.  Baylis, 26;  Brandt, Sec. 2;  Guaranties are to be governed by the same rules of construction as other contracts.  Baylies, 111. 120;  DeColyar, 212;  *Mason v. Pritchard,* 12 East., 227;  *Mayer v. Isaac,* 6 M. & W., 605;  *Horgreave v. Smee,* 6 Bing., 249 (19 E. C. L.);  *Edward v. Jarvis,* 8 Man. G. & S. 436 (444) 65 E. C. L.;  *Lawrence v. McCalmont,* 2 How., 426 (15 U. S. S. C., 183).   In a solemn contract under seal, we are not to reject the words of the parties as a mere abstraction.  *Randall v. Canal Co.,* 1 Harr., 157 (174).

An absolute present guarantee, complete in its terms, takes effect as soon as it is acted on, without notice of its acceptance.  *Baylis,* 197-199;  *Bright v. McKnight,* 1 Sneed (Tenn.), 158;  *Yancy v. Brown,* 3 Sneed (Tenn.), 89;  *Bank v. Kercheval,* 2 Mich., 504, 511;  *Bank v. Mitchell,* 15 Conn., 219;  *Paige v. Parker,* 8 Gray, 211;  *Powers v. Bumcratz,* 12 Ohio St., 273.  So where the guarantor and creditor reside in the same city, and an agreement to accept a guaranty is contemporaneous with the guaranty, no notice of acceptance is required to render the guaranty absolute.  *Baylis,* 198;  *Walker v. Forbes,* 25, Ala., 139, 60, Am. D. 498-561;  *Wilde v. Savage,* Ibid;  *Bank v. Sinclair,* 60 N. H., 100;  *Pope v. An-*

*drews,* 9 Carr P., 564, 38 E. C. L., 230. If the defendant intends that notice of acceptance should be a condition precedent, he should have made it so by express terms. *Leakes Cont.,* 643 ; *Add. Cont.,* Sec. 17 ; *Wheelton v. Hardisty,* 8 E. & G., 232, 92, E. C. L., 302. The allegations that the defendant " in and by his certain articles of agreement, &c. * * * which said articles of agreement, sealed with the seal of the said defendant, the said plaintiff now brings here into court, the said defendant did thereby covenant, promise and agree to and with the said plaintiff, &c., taken in connection with the attestation clause of the instrument as set out as follows : " signed, sealed and delivered in the presence of Wm. P. Taylor," is a good and sufficient averment of a complete contract between the parties ; the attestation must be taken to be true until it is impeached. *Stout v. Kean,* 3 Harr., 82 ; *Clayton v. Morris,* 4 Harr., 357 ; *Higgins v. Bogan,* 4 Harr., 331 ; *Wain v. Wolters,* 5 East, 10. Under these averments, the plaintiff would be permitted to prove, as a necessary part of the making of the contract, the acceptance of it by the plaintiff, and the acceptance need not be proven in any particular manner, but may be implied from the circumstances. *Baylis,* 397 ; *Reynolds et. al. v. Douglass,* 12 *Peters,* 497 ; *Taylor v. McClung's Ex'rs.,* 2 Houst., 24 ; *Bank v. Mitchell,* 15 Conn., 206.

The execution and delivery of the instrument being admitted, acceptance of it by the Bank will be presumed from the fact that it is in the possession of the plaintiff, and an averment of notice of acceptance is unnecessary. *Bank v. Ridgely,* 1 Harr. & Gill., 224 ; *Milbourn v. Glover,* 3 Md., 212 ; *Pannell v. Williams,* 8 Gill & J., 511 ; *Leake on Cont.,* 136 ; DeColyor, 214 ; 1 Add. Cont. Sec. 26 ; *Goodright v. Straphen,* Cowp., 201 ; *Tupper v. Foulkes,* 9 C. B. N. S., 797. A guaranty signed by the defendant and acted on by the plaintiff, without any express verbal acceptance is sufficient. *DeColyer,* 189 ; *Banking Co. v. Eccles,* 4 H. & N., 139 ; *Offord v. Davies,* 12 C. B. N. S., 747 (E. C. L.) ; *Noyes v. v. Nichols,* 28 Vt., 160. Where the *payment* of a note is guaranteed by the indorser or guarantor, it disposes with the necessity of *demand* and *notice.* *Campston v. McNair,* 1 Wend., 457 ; *Pyle v. McMonagle,* 2 Harr., 468. Evidence is admissible, not to vary the guaranty itself, but to show the circumstances under which it was

made. Leake, 213 ; Baylies, 120, 127 ; *Bainbridge v. Wade*, 16 Ad. & El. (71 E. C. L.) 89 ; *Bank v. Coster*, 3 N. Y. (Comst.) 203 ; *Ins. Co. v. Carter*, 66 N. Y., 326 ; *Reed v. Ins. Co.*, 5 Otto., 31. Evidence being thus admissible to prove the surrounding circumstances (which would show a request by the bank to the defendant, for the guaranty, in answer to which he gave it) at the time of making the contract, and it being incumbent on the plaintiff to prove his allegation that the defendant did covenant, agree, &c., as well as the execution of the contract, including the delivery, this would *ex vi termini* prove the acceptance of the guaranty, as it (acceptance) is inseparable from the delivery, as the cases first cited go to show. Baylies, 199, 200 ; Leake, 140, 146 ; Decolyer, 4, 5 ; 2 Blk. Com., 448 ; Add. Cont., Sec. 20 ; Story Cont., Sec. 490 ; *Bank v. Mitchell*, 15 Conn., 206 ; *Reynolds v. Douglass*, 12 Peters, 497 ; *Davis v. Wells*, 14 Otto., 159 ; *Lowry v. Adams*, 22 Vt., 160.

All that is required of the party guaranteed, after the acceptance of the guaranty, is to make a demand on the debtor, when the credit has expired, or upon his default, to give notice thereof within a reasonable time afterwards to the guarantor. The rule being that, if the guarantee fails to so notify the guarantor of the default of the principal debtor, and loss of damages thereby ensue to the guarantor, then to that extent, the guarantor is discharged ; but both the laches of the plaintiff and a loss or damage to the defendant must concur to constitute a defence. Brandt. Secs., 163 ; Baylies, 198 ; 1 Wharton, 570 ; *Wilde v. Savage*, 1 Story, 22 ; *Douglass v. Reynolds*, 7 Peters, 113 ; *Babcock v. Bryant*, 12 Pick., 133 ; *Lowe v. Beckwith*, 14 Mon. (Ky.), 184 ; 58 Am. D., 659 ; *Van Wort v. Wooley*, 3 Barnes & Cress., 439 (10 E. C. L.) ; *Vinae v. Richardson*, 13 Allen, 521. But we allege a presentment of each note for payment on the day, and at the place of payment, the non-payment, by H. L. Tatnall & Co., or any other of the makers, of which H. L. Tatnall & Co. had notice on those days, and that the defendant did not, at the maturity of the said notes, pay the several sums therein specified ; that he had notice of the premises on the first day of April, 1883, five days after the last note was payable (the James H. Seaney note for four hundred dollars was due on the twenty-sixth day of March, 1885). The request or demand on the defendant being only five days after the close of the

transactions, was in a reasonable time, and is sufficiently averred. Leake, 643, 645, 646 ; *Baylies on Bills*, 203 ; Baylies, 204 ; Brandt. Sec., 168 ; *Lilly v. Hewit*, 11 Prince, 175 (5 Exchq., 175, 182); *Walton v. Marshall*, 13 M. & W., 72 ; *Somerville v. Barnaby*, Cro. Jac., 287 ; *Warrington v. Farbor*, 8 East., 242 ; *Hitchcock v. Humfreys*, 5 Man. & Gran., 297 (44 E. C. L.) ; *Allen v. Rightmere*, 20 Johns., 365 ; *Gibbs v. Commons*, 9 S. & R., 19 ; *Clay v. Edgerton*, 19 Ohio St., 549 ; *March v. Putney*, 56 N. H., 34.

If there be any matter of discharge arising from want of notice, or otherwise, it must be pleaded. *White v. Woodward*, 5 Man. G. & Scott, 810, 816. And the fact of loss or damage must appear affirmately. *Van Wort v. Wooley*, 3 B. & C., 439, 449 (10 E. C. L.) Want of notice is invariably treated as matter of defense, by way of discharge, from the contract, and not merely of law to defeat the suit on the contract. *Bushwell v. Church*, 15 Conn., 406 ; *Simon v. Steele*, 36 N. H., 73, 81. It is not necessary, in general, to charge the surety, to make a demand on the principal debtor, where it is not necessary to charge the debtor himself. Leake, 646. The presentment at the proper time, at the place of payment, and the notice of non-payment to H. L. Tatnall & Co., in due time (all of which are alleged), fixed their liability. *Bank v. Cooper*, 1 Harr., 10.

The defendant is estopped to deny that there was a consideration for the guaranty, as it is under his seal. The fourth demurrer raises a question of *fact*, and is bad for that reason. *Prince v. Weaver*, 13 Gray, 273. As a consideration is not necessary to the validity of a *sealed* instrument, so none need be set forth in a guaranty under seal, the sealing and delivery on the one side, and the acceptance or assent on the other, giving force and effect to the agreement, and rendering *further evidence superfluous*. Leake's, 140, 146 ; 72 Smith's Lead Cas. pt. 1, 283 (1884); DeColyer, 20, 21, 178, 1, 2 ; Baylies 58, 26 ; Brandt, Sec. 6, 68 ; Add. Cont., Sec. 495, 682 ; *Douglass v. Howland*, 24 Wend., 35 ; *Childs v. Banum*, 11 Barb., 14 ; *McKensie v. Farrell*, 4 Bosworth (N. Y.,) 192 ; *Cherry v. Henning*, 4 Wels. H. & H., 631. The statute of frauds, which was made to prevent perjuries and frauds, does not apply to this case, as at common law the parties to a contract under seal, were not permitted to vary it by parol evidence ; nor does that

statute apply to covenants. Add. Cont., Sec. 48 ; _Cherry v. Henning_, (4 Wels. H. & G., 647 ; _Livingston v. Tremer_, 4 Johns, 416.

But aside from the fact that the instrument is under seal, the consideration stated on the face of the guarantee is sufficient. _Brown St. of Frauds_, Sec. 198 ; Add. Cont. Secs. 9, 12, 16 ; Leak's Cont., 245 ; Brandt Secs., 6, 7 ; De Colyer, 20, 21 ; 2 Smith's Lea. Cas., pt. 1, 291 (1·885.) It is generally held in this country, that where the promise itself has been reduced to writing, with a sufficient clearness to exclude the danger of fraud, and render it certain that the guarantor meant to render himself answerable, the end of the statute is attained and the consideration may be shown by parol. 2 Smith's Lead. Cas. pt. 1, 291 ; _Packard v. Richardson_, 17 Mass., 122 ; _Sage v. Wilcox_, 6 Conn., 81 ; _Lent v. Poddleford_ 10 Mass., 230 ; _Reed v. Evans_, 17 Ohio, 128 ; _Brown St. of Frauds_, Sec. 399-405.

Any act in the nature of a benefit to a guarantor, or to any other person at his request, is a sufficient consideration for the agreement of·the guarantor. Baylies, 58 ; _Welsin & Lune v. Porter_, 4 Hous., 236 ; _Short v. Prettyman_, 1 Hous., 334.

_George H. Bates,_ on the same side :

COMEGYS, C. J., delivered the opinion of the Court (Houston, J., dissenting) :

After having bestowed a great deal of reflection upon the question raised by the demurrer, and having considered the authorities and weighed the arguments of counsel, I have arrived at the conclusion that the declaration is defective in not averring notice to the defendant, or excuse for want of it, of acceptance of his proposal by the plaintiff.

I think that no greater variety can be found in any class of legal contracts than those of guaranty. The one which is the cause of action in this suit is different in its language from any other that I have seen ; but nevertheless it is in its quality and effect, like a great many others which have undergone judicial examination. It is in these words :

" I, Henry L. Tatnall, of the city of Wilmington, Delaware,

do hereby request that the Farmers' Bank of the State of Delaware at Wilmington, do from time to time discount to the credit of the the firm of H. L. Tatnall & Co. such negotiable paper as they may offer to said Bank, whether as maker or indorser; and in consideration of the discounting by the said Bank at any time hereafter of any such negotiable paper, I do hereby, for myself, my executors and administrators, guarantee to the said Bank the prompt and full payment at maturity of any and all such paper so to be discounted as aforesaid.

"Witness my hand and seal this 14th day of February, A. D. 1882.

(Signed.)   H. L. TATNALL.   [SEAL.]"

" Signed, sealed and delivered in presence of
WM. P. TAYLOR."

There is a consideration stated in the paper, which renders unnecessary the presumption of valuable consideration the law would raise from the existence of the seal. We must, therefore, take the expressed consideration as the only one existing; it was the future credit desired to be given the firm of H. L. Tatnall & Co. In like cases, the writing is to be treated as an offer to become bound. Until it is accepted, it is not binding upon the offerer. He may recall it before it is acted upon, but not afterwards, for it has then been accepted, and is a valid agreement binding the guarantor. The consideration stipulated for has been performed. It is thus like the case of one who calls upon another to sell goods (for example) to a third person, promising in legal form that if he should do so, he the promisor will guarantee him against loss in so doing. Such an agreement means that the promisor undertakes to pay the debt contracted at his request, if the principal debtor should not do it.

As it is not a complete contract in the beginning—it being a proposal or offer proceeding from one person to another—if it should be accepted by such other, he ought to give notice to that effect in a reasonable time to the proposer. Until this be done, there cannot be said to be that *aggregatio mentium*, or *consensus*, necessary for any valid contract. The right to recall an offer until accepted is conclusive of the duty of notice. It would be worth nothing

otherwise. This duty is reasonable that the party making the offer may know that he may be looked to, and take means to protect himself against the consequences of his undertaking. He cannot know this without notice in some way. Where the act is to be simultaneously performed, the performance is, itself, notice of acceptance: where it is to be done futurely, other notice of it must be given to show acceptance. The cases cited to us on both sides are in accord with these views. It would be an unnecessary consumption of time to go through them again. The question with respect to notice, in the case of guaranty, is this—is the writing an offer or incomplete engagement, or is it absolute? If the latter, then no notice of acceptance is required.

An absolute guaranty is one simultaneously acted upon, as in the case of goods then sold and delivered to a third party on the credit of the guaranty, or that has no element of futurity in it: the other is a proposition or offer, to become responsible, which, if not accepted and acted upon at the time as an engagement of present operation, is subject to be recalled at any time before the consideration arises which was stipulated for in it. Until recalled, it may be accepted; but notice of acceptance must be given. The simple receipt of a proposition to guaranty future credit, is not the kind of acceptance contemplated in law, otherwise no notice would be required.

The foregoing is the view substantially as taken by the Supreme Court of the United States from the case of *Russell v. Clark*, in 7th Cranch, 69, downwards, and which has been followed by a very large majority of the courts of this country. It is also recognized in *McIver v. Richardson*, I. M. & S., 557, and not impugned as is believed by any English case since that case was decided.

But in support of the view taken, we have the case of *Taylor & Co. v. McClung's Exr.* which of itself would remove any doubt we might feel. In that case, this Court speaking through the late Chief Justice said, upon a review of the cases mentioned—"These cases clearly show that the party tendering a guarantee for future and prospective credits is entitled to notice of acceptance, and the party receiving it is bound to give notice in a reasonable time after acceptance, or the party offering will not be bound by it."

We are therefore of opinion that the demurrer should be sustained, and we so adjudge and order the proper judgment to be entered.